UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

In re:

TWIN RINKS AT EISENHOWER, LLC,                Chapter 11

                                              Case No.

                              Debtor.
--------------------------------------------------------------X

**DECLARATION OF HAROLD D. JONES PURSUANT TO BANKRUPTCY
RULE 2014 ON BEHALF OF JONES & SCHWARTZ, P.C. AS
PROPOSED ATTORNEYS FOR CHAPTER 11 DEBTOR AND DEBTOR-IN-
POSSESSION AND DISCLOSURE STATEMENT PURSUANT TO SECTION
329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016**

HAROLD D. JONES, declares under penalty of perjury pursuant to 28 U.S.C. §1746 the

following:

1.      I am an attorney duly admitted and in good standing to practice before the United

States District Court for the Southern District of New York and the Eastern District of New

York.  I am a member of the firm of Jones & Schwartz, P.C. ("J&S").  My firm maintains offices

for the practice of law at One Old Country Road, Carle Place, New York 11514.  I submit this

affidavit in connection with the application of Twin Rinks At Eisenhower, LLC, the debtor and

debtor-in-possession (the "Debtor"), to retain J&S as counsel in the above-captioned case, and to

provide the disclosures required pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

2.      As set forth more fully below, neither I, my law firm, any member of the firm, nor

attorney who is "of counsel" to the firm, insofar as I have been able to ascertain, holds or

represents any interest adverse to the Debtor or the Debtor's estate.

1

3.    Additionally, neither I, J&S, any member of J&S, nor any attorney who is "of counsel" to J&S, insofar as I have been able to ascertain:

(a)    is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the date of this affidavit, since J&S waives any such claim for unpaid fees);

(b)    is a direct or indirect equity security holder of the Debtor;

(c)    is or has been an officer, director or employee of the Debtor, or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code (the "Bankruptcy Code");

(d)    is or has been an investment banker for any security (outstanding or otherwise) of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor; or a director, officer or employee of an investment banker for any security (outstanding or otherwise) of the Debtor;

(e)    presently represents a creditor or equity security holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor's estate, on any matter that is unrelated to the Debtor or the Debtor's estate;

(f)    previously represented a creditor or equity security holder of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's chapter 11 case;

(g)    except as described in paragraph 4 below, has any connection with the Debtor, creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

(h)    has any other interest, direct or indirect, which may affect or be affected by the proposed representation.    Accordingly, to the best of my knowledge, J&S is a

"disinterested person" as that term is defined in sections 101(14) and 327(a) of the Bankruptcy Code.

4.      Disclosure with respect to whether or not J&S has or has had "connections with the Debtor, creditors or other parties-in-interest, their respective attorneys and accountants, the United States Trustee or any employee of that office," insofar as I have been able to ascertain, is set forth below:[1]

I, J&S, its members and attorneys who are "of counsel" to J&S;

(i)      may have appeared in the past, and may appear in the future, in other cases unrelated to this case where the Debtor, creditors or other parties-in-interest may be involved; and

(ii)      have had other dealings with creditors of the Debtor that are wholly unrelated to these cases.

5.      To the best of my knowledge, information and belief, these are neither instances wherein J&S has, had, or might be deemed to have or have had, connections with the Debtor, creditors or other parties-in-interest.

6.      In connection with our representation of the Debtor, we will use our standard hourly rates in effect at the time that we perform professional services.  As of the date of execution of this affidavit, the ranges of our standard hourly rates are as follows: the hourly rates for partners and of counsel $630 per hour, based upon a variety of factors, including seniority

---

[1]      With respect to none of the connections described was J&S representing an interest adverse to the Debtor or the Debtor's estate.  Nor do any of the connections described affect J&S's disinterestedness.

and distinction and expertise in one's field; and the hourly rates for legal assistants is $255 per hour.  In the normal course of business, J&S revises its hourly rates from time to time.

7.      In addition to the hourly rates set forth above, J&S customarily charges its clients for all ancillary services incurred, including photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporaries, overtime meals, overtime and late night transportation, travel, lodging, the catering of meetings, postage, printing, transcripts, filing fees, document retrieval, etc.   J&S will be seeking reimbursement of all such ancillary services incurred on behalf of the Debtor in accordance with the Guidelines of this Court.

8.      No promise have been received by J&S, nor any member or attorney who is "of counsel" to the firm, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  Neither J&S nor any member of the firm, attorney who is "of counsel" to the firm, nor I, has any agreement with any other entity to share with such entity any compensation received by J&S in connection with this case or the representation of the Debtor.

9.  Neither I, my law firm, any member, nor attorney who is "of counsel" to the firm, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or the Debtor's estate.  Accordingly, to the best of my knowledge, J&S is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

10.      By reasons of the foregoing, I believe that J&S is eligible for employment and retention by the Debtor pursuant to sections 327 and 328 of the Bankruptcy Code and applicable Bankruptcy Rules.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed on June 8, 2015                    /s/Harold D. Jones
                                            Harold D. Jones