UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

TWIN RINKS AT EISENHOWER, LLC,         Chapter 11

                                                 Case No.
                                Debtor.
---------------------------------------------------------------X

### DEBTOR'S MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Twin Rinks At Eisenhower, LLC, the debtor and debtor-in-possession, (the "Debtor"), by its attorneys, Jones & Schwartz, P.C., submits this motion (the "Motion") seeking authority for: (i) the Debtor to use cash collateral of CMBS Venture Funding, LLC, an affiliate of the Debtor ("CMBS"); (ii) granting CMBS a first priority security interest in and liens upon all of the Debtor's now existing and hereafter acquired assets ad super-priority administrative claim status as adequate protection for the use of its cash collateral. In support of this Motion, the Debtor respectfully represents as follows:

#### I. BACKGROUND

1. On June 8, 2015 (the "Petition Date"), the Debtor filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtor has continued in the management and operation of its business and property as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. The Debtor is engaged in the business of operating an ice skating rink and the entertainment business.

3. Prior to the commencement of the Debtor's Chapter 11 case, Darien Rowayton

1

Bank made secured loans and advances to the Debtor in the sum of $5,250,000.00. The obligations, liabilities and indebtedness of the Debtor were assigned to CMBS on or about June 2, 2015 and as of the Petition Date, total approximately $5,272,725.00 (the "CMBS Claim"). The CMBS Claim is secured by substantially all of the assets of the Debtor.

4. The Debtor is experiencing continued cash flow problems.

5. By this Motion, the Debtor seeks authorization to use cash collateral of CMBS pursuant to §363(c) of the Bankruptcy Code and Bankruptcy Rules 4001(c) and 9014 with priority over administrative expenses and secured by liens on property of the Debtor's estate in accordance with a proposed financing order (the "Financing Order").

## II.  RELIEF REQUESTED

6. The Debtor requests that this Court: (a) enter the accompanying Order authorizing the use of cash collateral; (b) scheduling an interim and final hearing to approve the proposed Financing Order; and (c) enter an interim and final order under §363(c) of the Bankruptcy Code and Bankruptcy Rule 4001 approving the Financing Order, which would permit the Debtor to use cash collateral with priority over administrative expenses and to be secured by a first priority lien against the Debtor's assets.

7. Pursuant to the proposed Order, Cash Collateral may not be used to (i) investigate, assert, commence, prosecute or otherwise take any action with respect to any claim or alleged claim against CMBS, including but not limited to, claims arising under sections 542 through and including 553 of the Bankruptcy Code; (ii) challenge the amount, validity, priority or enforceability of the indebtedness or the security interests and liens of CMBS in the collateral or assert any defense, claim, counterclaim or offset with respect to the indebtedness or the security interests and liens of CMBS; (iii) challenge in any manner whatsoever the indebtedness

and any other rights, claims and entitlements of the CMBS under any of its loan documents; (v) change, amend or modify in any manner whatsoever any of the loan documents; or (vi) seek the modification, amendment or vacature of this Order.

8. The Debtor's right to use and the use of the Cash Collateral under this Order, shall expire on the first business day after (i) the entry by this Court or any other court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Order; (ii) the dismissal of the Debtor's bankruptcy case or the conversion of the case to a case under Chapter 7 of the Bankruptcy Code; or (iii) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor or (iv) consummation of a sale of all or substantially all of the assets of the Debtor; or (v) the occurrence of the effective date or consummation of a plan of reorganization for the Debtor.

9. Without the proposed use of collateral substantially in accordance with the budget attached to the Rule 1007 affidavit, the Debtor does not have the funds necessary to meet payroll, payroll taxes and other expenses necessary for the continued operation of its business and the management and preservation of the Debtor's assets and properties.

10. In brief summary, the Financing Order will provide for, among other things, the following:

a) As security for the prompt payment and performance of any and all obligations, liabilities and indebtedness of the Debtor to CMBS arising on or after the Petition Date (the "Indebtedness"), CMBS shall have been granted valid and perfected first priority security interests and liens, in and upon all now existing and hereafter acquired property of the estate of the Debtor.

b) The Indebtedness shall have priority in right of payment over any and all other obligations, liabilities and indebtedness of Debtor now in existence or hereinafter incurred by the Debtor and over all administrative expenses or priority claims of the kind specified in, or ordered pursuant to, 11 U.S.C. §§105, 235, 330, 331, 503(b), 506(c), 507(b) or 726; provided that, the administrative expense priority of CMBS shall be junior and subordinate to (i) the fees of the United States Trustee and (ii) allowed administrative expense claims arising pursuant to 11

U.S.C. §§330 and 331 for professionals retained pursuant to 11 U.S.C. §§327 and 1103 in an amount not to exceed $25,000.00 in the aggregate.

### III. THE DEBTOR'S URGENT NEED FOR FINANCING

11. As noted above, the Debtor has an immediate and urgent need to obtain use of cash collateral to continue its operations. A lack of access to funds would irreparably diminish, if not destroy, the value of the Debtor's estate. Indeed, without access to funds provided for in the Financing Order for use in the ordinary course, the Debtor may be forced to entirely shut down its business operations. Quite simply, the Debtor is unable to pay leases, taxes and insurance absent the granting of the requested relief. Without authorization to utilize funds as proposed herein, the Debtor will have no funds to pay necessary operating expenses in the ordinary course of its business. Thus, unless this Motion is granted, the Debtor will be unable to meet its current operating expenses and will be unable to maximize the value of its estate.

12. The Debtor respectfully submits that the failure to obtain approval from this Court of the proposed Financing Order would prove to be disastrous, if not fatal, to the Debtor's effort to reorganize its affairs.

13. The Debtor believes that the approval of the Financing Order is in the best interest of the Debtor, its creditors and its estate.

14. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form submitted herewith authorizing (i) the Debtor to use cash collateral of CMBS; (ii) granting CMBS a first priority security interest in and liens upon all of the Debtor's now existing and hereafter acquired assets and super-priority administrative claim status as adequate protection for the use of its cash collateral; and (iii) granting the Debtor such other

relief as the Court may deem just and proper.

Dated:  Carle Place, New York
       June 8, 2015

                                         JONES & SCHWARTZ, P.C.
                                         Counsel for Debtor and
                                         Debtor-In-Possession

                                         By:    /s/Harold D. Jones
                                                 Harold D. Jones (HDJ-4652)
                                                 A Member of the Firm
                                                 One Old Country Road, Suite 384
                                                 Carle Place, New York 11514
                                                 (516) 873-8700