UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

TWIN RINKS AT EISENHOWER, LLC,             Chapter 11

                                                                              Case No. 15-72466-REG

                                   Debtor.
------------------------------------------------------------X

## AFFIDAVIT OF JOEL FRIEDMAN PURSUANT TO LOCAL RULE 1007-4 AND IN SUPPORT OF FIRST DAY MOTIONS

STATE OF NEW YORK     )
                                ) ss.:
COUNTY OF NASSAU      )

Joel Friedman, being duly sworn, deposes and says:

1.    I am the president of Clearview Capital Management, LLC, the Authorized Member of Twin Rinks At Eisenhower, LLC ("Twin Rinks") and I submit this Affidavit in accordance with Local Bankruptcy Rule 1007-4.

2.    I submit this affidavit (this "Affidavit") pursuant to Rule 1007 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules") in support of (i) the Debtor's petition for relief filed on June 8, 2015 (the "Petition Date") under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") (the "Chapter 11 Case") and (ii) the relief sought by the Debtor in its motions and applications filed with the Court (the "First Day Motions and Applications").

3.    Unless otherwise stated, the facts set forth in the Affidavit are based upon my personal knowledge as the president of Clearview Capital Management, LLC, the Authorized Member of the Debtor, upon information supplied to me by other members of the Debtor's

management and employees of the Debtor, upon my review of relevant documentation and financial information, advice and counsel of the Debtor's professionals, and my opinions based upon my knowledge and information concerning the Debtor's operations and financial affairs. If called as a witness, I would testify to the facts set forth in this Affidavit. Unless otherwise indicated, all financial information contained herein is presented on an unaudited bases. I am authorized to submit this Affidavit.

4. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee, examiner or committee of creditors has yet been appointed in this case.

5. In accordance with Rule 1007-2(a) of the Local Bankruptcy Rules, the first part of this Affidavit sets forth required information regarding the nature of the Debtor's business and a concise statement of the circumstances leading to the commencement of this Chapter 11 Case.

6. The second part of the Affidavit details the relief sought by the Debtor in certain "First Day" motions (each, a "First Day Motion" and collectively, the "First Day Motions") filed concurrently herewith. The relief sought by each of the First Day Motions is designed to minimize the potential adverse effects that might otherwise flow from the commencement of the Chapter 11 Case on the Debtor's business and the ensure the Debtor's restructuring goals can be implemented with minimal disruption to ongoing operations and client services and the transition of programs as discussed below. The First Day Motions seek relief aimed at, among other things, (a) maintaining employee morale and vendor confidence, (b) ensuring the continuation of the Debtor's cash management systems and related business operations, (c) establishing administrative procedures to streamline and facilitate the Debtor's transition into Chapter 11.

7. I have read, and certify the contents of each First Day Motion and believe that the relief sought therein (i) is necessary to preserve and maximize the value of the Debtor's assets and operations, (ii) is integral to the success of this Chapter 11 Case, (iii) serves best interests of the Debtor, the Debtor's estate and the Debtor's creditors, and (iv) with respect to non-administrative matters, is necessary to avoid immediate and irreparable harm.

## PART I

## THE DEBTOR'S HISTORY AND BUSINESS

8. Twin Rinks is a New York Limited Liability Company located at 200 Merrick Avenue, East Meadow, New York 11554. The Debtor is engaged in the business of operating an ice skating rink and the entertainment business.

9. Annexed hereto is a list of the twenty (20) largest unsecured creditors of the Debtor, excluding insiders.

10. Annexed hereto is a list of the holders of secured claims.

11. The Debtor was constrained to file a petition requesting relief under chapter 11 of the Bankruptcy Code because of its inability to generate sufficient cash to pay its creditors on a timely basis and to facilitate a process for the sale of substantially all of its assets.

12. Twin Rinks is a limited liability company. Annexed hereto is a schedule showing the names and addresses of its members.

13. No property of the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor or agent for any of such persons.

14. The Debtor currently licenses its facilities from the County of Nassau, a municipal corporation having its principal office at One West Street, Mineola, New York 11501.

15. The books and records are located at the premises located at 200 Merrick Avenue, East Meadow, New York 11554. None of the assets of the Debtor are located outside the territorial limits of the United States.

16. There are no pending actions or proceeding against the Debtor.

17. The Debtor's estimated gross bi-weekly payroll (exclusive of officers) for the thirty (30) day period following the filing of petition is approximately $39,000.00.

18. The Debtor's existing senior management is comprised of: Joel Friedman, Senior Management of the rink since early 2015, Peter Ferraro and Chris Ferraro, both in charge of operating the youth house hockey league for the rink since inception of the business.

19. The monthly salaries of these individuals are: Peter Ferraro $10,416.67 plus healthcare benefits, and $500 for car allowance, Chris Ferraro $10,416.67 plus healthcare benefits, and $500 for car allowance, Joel Friedman does not receive a salary.

20. Attached hereto is a schedule of estimated cash receipts and expenses for the thirty days following the filing of the petition.

21. The Debtor estimates that the business will operate at a modest loss due to seasonality during the thirty (30) day period following the filing of the chapter 11 petition.

22. Attached hereto is a balance sheet of the Debtor as of June 5, 2015.

## PART II

### FIRST DAY MOTION AND APPLICATONS

23. Simultaneously with the filing of the Chapter 11 petition, the Debtor filed its First Day Motions and Applications in order to minimize the adverse impact of the commencement of the Debtor's bankruptcy case on its business. I believe the approval of the First Day Motions and Applications is critical to the success of this Chapter 11 Case. I have reviewed the factual

background in support of each First Day Motion and Application and certify that the fact contained therein are true and correct to the best of my information, knowledge and belief. A brief overview and summary of the more significant First Day Motions and Applications is set forth herein.

**A. Debtor's Motion for Order Under 11 U.S.C. §105(a) Authorizing (a) Continued Maintenance of Existing Bank Accounts, (b) Continued Use of Existing Business Forms (c) Waiver of Certain Guidelines Relating To Bank Accounts and (d) Honoring Customer Deposits**

24. Access to the existing bank accounts is critical to maintain the Debtor's business and would impair the Debtor's efforts to reorganize and pursue other alternative to maximize the value of its estate.

**B. Debtor's Motion for Order Determining Adequate Assurance of Payment for Future Utility Service**

25. In connection with the operation of its business and the management of its property, the Debtor obtains water, natural gas, electricity, telephone, and similar utility products and services (collectively, the "Utility Services") from the Utility Companies covering a number of utility accounts. Prior to the Petition Date, the Utility Companies provided Utility Services to the Debtor. The services provided by the Utility Companies are critical to the continued operations of the Debtor. If the Utility Companies refuse or discontinue service, even for a brief period, the Debtor's business operations would be severely disrupted.

**C. Debtor's Motion for Order Authorizing Use of Cash Collateral and Granting Adequate Protection**

26. Without the proposed use of collateral the Debtor does not have the funds necessary to meet payroll, payroll taxes and other expenses necessary for the continued operation of its business and the management and preservation of the Debtor's assets and properties.

### D. Motion of the Debtor For Entry of an Order Fixing Date, Time and Place of Hearing and Prescribing Notice Thereof and Establishing Bidding Procedures Related to Motion (a) Authorizing the Debtor to Sell Substantially All of its Assets Pursuant to 11 U.S.C.§363(B), (F) and Assume and Assign a License With the County of Nassau Pursuant to 11 U.S.C. § 365 Free and Clear of all Liens, Claims and Encumbrances with Such Liens, Claims and Encumbrances to Attach to Proceeds and (b) Authorizing the Distribution of a Portion of the Proceeds of the Sale to Secured Creditor

27. The Motion seeks the entry of an order fixing date, time and place for a hearing to authorize the Debtor to sell the Assets, including the assumption and assignment of the License subject to higher and better offers free and clear of all liens, claims and encumbrances with liens, claims and encumbrances to attach to the proceeds of sale.

### E. Motion of the Debtor and Debtor-in-Possession for Order Extending Time to File Schedules of Assets and liabilities Pursuant to 11 U.S.C. § 521

28. In order to properly complete the schedule of assets and liabilities and statement of financial affairs, the Debtor requires an additional period of sixty days to compile the necessary information.

### F. Application Pursuant to Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 and for an Oder Authorizing the Chapter 11 Debtor and Debtor-in-Possession to Retain and Employ Jones & Schwartz, P.C. as Counsel

29. The services of J&S pursuant to and under a general retainer are necessary in order to enable the Debtor to continue to faithfully execute its duties and responsibilities. J&S is willing to act on the Debtor's behalf in all of these respects.

### G. Application Pursuant to Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 for an Oder Authorizing the Debtor to Retain and Employ Greenspan Associates, CPAs, PC as Accountants

30. The Debtor seeks to retain Greenspan because Greenspan has the extensive experience and knowledge required in the accounting field concerning debtor's and creditor's rights and because the Debtor believe that Greenspan is well qualified to represent the Debtor in

its capacity in this Chapter 11 case.

### H. Application Pursuant to Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 for an Oder Authorizing the Debtor to Retain and Employ Getzler Henrich & Associates LLC as Management and Investment Banking Consultants

31.     The services of Getzler Henrich pursuant to and under a general retainer are necessary in order to enable the Debtor to continue to faithfully execute its duties and responsibilities. Getzler Henrich is willing to act on the Debtor's behalf in all of these respects.

### CONCLUSION

32.     As discussed above, the Debtor determined to seek relief under Chapter 11 in order preserve and maximize value for the benefit of all creditors and parties in interest. To that end, the breathing spell afforded by Chapter 11 will permit Debtor, with the assistance of its professionals, to consummate a proposed sale transaction that will ensure the highest realization of value for the Debtor's assets and properties while addressing its obligations to creditors under a Chapter 11 plan and the auspices of this Court.

/s/Joel Friedman
Joel Friedman, President of Clearview Capital Management, LLC, Authorized Member of the Debtor

Sworn to before me this
10th day of June, 2015

/s/Harold D. Jones
HAROLD D. JONES
Notary Public, State of New York
No, 02JO6172808
Qualified in Nassau County
Commission Expires August 20, 2019

## 20 LARGEST UNSECURED CREDITORS

| NAME | AMOUNT | CONTINGENT/ UNLIQUIDATED/DISPUTED/ PARTIALLY SECURED |
|---|---|---|
| Parr Properties Inc. 2150 Smithtown Avenue, Ste One Ronkonkoma, NY 11779-7366 | $3,694,620.66 | |
| PSE&G LI P.O. Box 9039 Hicksville, NY 11802-9039 | 194,839.71 | |
| Cameron Engineering & Associates LLP 100 Sunnyside Blvd., Ste 100 Woodbury, NY 11797 | 142,328.50 | |
| Cimco Refrigeration Inc. 2502 Commercial Park Drive Mobile, AL 36606 | 107,316.00 | |
| Munters Corporation 1719 Solutions Center Chicago, IL 60677-1007 | 95,910.00 | |
| Ferrantello Land Surveying PC 30 East Mall Plainview, NY 11803 | 91,474.50 | |
| Jeffrey T. Butler PE PC PO Box 634 Shoreham, NY 11786 | 88,834.75 | |
| Daktronics, Inc. PO Box 86 Minneapolis, MN 55486 | 53,690.00 | |
| JVR Electric, Inc. 262 Middle Island Rd. Medford, NY 11763 | 27,500.00 | |

| | |
|---|---|
| Proclean Maintenance Systems Inc.<br>79 Alexander Ave., Suite B10<br>Bronx, NY 10454 | 19,356.00 |
| Plaza Surf & Sports II<br>89 Route 25A<br>Rocky Point, NY 11778 | 15,540.00 |
| John Grando Inc.<br>68-08 Woodside Avenue<br>Woodside, NY 11377 | 15,000.00 |
| Flatiron Capital<br>PO Box 712195<br>Denver, Colorado 80271-2195 | 14,623.52 |
| Arrow Security Inc.<br>c/o Sterling National Bank<br>PO Box 75359<br>Chicago, IL 60675-5359 | 12,215.89 |
| Pepsi-Cola Bottling<br>PO Box 741076<br>Atlanta, GA 30374-1076 | 10,095.80 |
| A and D Dynamic Designs, Inc.<br>387 Locust Drive<br>Rocky Point, NY 11778 | 9,000.00 |
| Cablevision Lightpath, Inc.<br>PO Box 360111<br>Pittsburgh, PA 15251-6111 | 8,449.48 |
| Aetna Life Insurance<br>PO Box 7247-0213<br>Philadelphia, PA 19170-0213 | 8,050.43 |
| Indra Public Relations<br>630 First Avenue, #22D<br>New York, NY 10016 | 7,500.00 |
| Jamaica Ash & Rubbish Removal<br>PO Box 833<br>Westbury, NY 11590 | 7,256.64 |

## HOLDERS OF SECURED CLAIMS

| **NAME** | **AMOUNT** | **CONTINGENT/ UNLIQUIDATED/DISPUTED/ PARTIALLY SECURED** |
|---|---|---|
| CMBS Venture Funding, LLC | $5,272,725.00 | |

# TWIN RINKS AT EISENHOWER, LLC
## 30 DAY OPERATING BUDGET

| | |
|---|---|
| Estimated Revenue: | $160,830.23 |
| Estimated Expenses | |
|     Wages and Taxes | $ 96,000.00 |
|     Utilities | $ 34,850.00 |
|     Insurance | $ 23,464.13 |
|     Office | $ 766.22 |
|     Auto | $ 1,689.44 |
|     Telephone and Internet | $ 2,738.47 |
|     Security | $ 0.00 |
|     Advertising/Marketing | $ 2,156.76 |
|     Referees | $ 3,000.00 |
|     Elevator | $ 227.03 |
|     Rubbish Removal | $ 1,202.76 |
|     Legal/Accounting | $ 0.00 |
|     Purchases for Resale | $ 2,907.11 |
|     Cleaning | $ 500.00 |
|     Storage & Equipment Rental | $ 1,144.92 |
|     Other | |
| Subtotal Expenses: | $170,646.84 |
| NET OPERATING INCOME/(LOSS): | ($9,816.61) |

6:30 PM  
06/05/15  
Accrual Basis

# Twin Rinks At Eisenhower LLC
## Balance Sheet
### As of June 5, 2015

|  | Jun 5, 15 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| B of A - Checking #8806 | 13,686.59 |
| Citibank - Operating #5966 | 370,522.05 |
| Citibank - Payroll #5974 | 6,316.37 |
| Darien Rowayton Bank #0498 | 2,355.01 |
| **Total Checking/Savings** | 392,880.02 |
| **Total Current Assets** | 392,880.02 |
| **Fixed Assets** | |
| Capitalized Construction Costs | 52,150,499.62 |
| **Total Fixed Assets** | 52,150,499.62 |
| **Other Assets** | |
| Security Deposit-LIPA | 78,000.00 |
| Security Deposit-National Grid | 58,850.00 |
| **Total Other Assets** | 136,850.00 |
| **TOTAL ASSETS** | 52,680,229.64 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| Accounts Payable | 4,743,643.83 |
| **Total Current Liabilities** | 4,743,643.83 |
| **Long Term Liabilities** | |
| Loan Payable-Clearview Capital | 47,936,221.27 |
| **Total Long Term Liabilities** | 47,936,221.27 |
| **Total Liabilities** | 52,679,865.10 |
| **Equity** | |
| Capital-Carlex | 2,142,018.18 |
| Section 754 Adjustment-Carlex | -1,500,000.00 |
| Capital-Clearview | 2,500,000.00 |
| Members Equity | -2,297,767.76 |
| Net Income | -843,885.88 |
| **Total Equity** | 364.54 |
| **TOTAL LIABILITIES & EQUITY** | 52,680,229.64 |