Stephen A. Donato
Camille W. Hill
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone:   (315) 218-8000
Facsimile:    (315) 218-8100

*Counsel to the County of Nassau*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:

      TWIN RINKS AT EISENHOWER, LLC,        Chapter 11

                              Debtor.        Case No. 15-72466

_____

**STATEMENT BY COUNTY OF NASSAU IN RESPONSE TO MOTION OF DEBTOR FOR ORDERS (A)(I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE OF ASSETS AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (B)(I) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF A LICENSE WITH THE COUNTY OF NASSAU AND OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

        The County of Nassau (the "County"), by and through its undersigned counsel,

respectfully sets forth as follows:

        1.      The County is a municipal corporation with an office and place of business

located at 1 West Street, Mineola, New York 11501.

2.      On or around October 19, 2012, the County entered into a Permit for Use and Occupancy of County-Owned Property (the "Agreement") with debtor Twin Rinks at Eisenhower, LLC (the "Debtor") pursuant to which the Debtor occupies certain real property adjacent to the Aquatic Center in Eisenhower Park, East Meadow, County of Nassau, State of New York (the "Premises").

3.      The Agreement grants to the Debtor the right, privilege and license to construct, develop, operate and maintain an indoor public recreation twin ice rinks facility at the Premises, including bleacher seating, locker rooms, a ticket office, a small concession space, weight room, storage space, outdoor ice rink and adjoining parking areas (the "Facility").  Numerous community and sports organizations operate their programs at the Facility for the benefit of County residents and the general public.

4.      The Agreement is for an initial term of thirty (30) years, with options to renew for two additional ten-year terms.  Both ten-year options have been exercised. The Debtor is obligated to pay an annual fee of $100,000.00 to the County under the Agreement.  The Debtor is currently in default under § 4.2 of the Agreement due to its failure to deposit Gross Receipts Percentage Fees into the Reserve Fund Account established with regard to the Facility.

5.      On June 8, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 U.S.C. §§ 101, *et seq.*, as amended (the

"Bankruptcy Code").  The Debtor continues to operate the Facility as a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code.

6.      On the Petition Date, the Debtor filed a motion, under §§ 363 and 365 of the Bankruptcy Code, seeking authorization to, among other things, (i) conduct a public auction sale to sell substantially all of its assets free and clear of liens, claims and encumbrances and (ii) assume and assign its executory contracts and unexpired leases, including the Agreement, to the successful purchaser of the assets [Docket No. 8].

7.      The County files this Statement to advise the Court that it seeks to be involved in the sale process given the important rights held by the County under the Agreement.  It is particularly interested in (i) the purchaser's plan to utilize the Facility for the benefit of the County residents; (ii) whether the proposed purchaser is financially qualified to comply with the obligations under the Agreement; and (iii) whether the proposed purchaser can provide adequate assurance of future performance with regard to the Agreement in accordance with § 365(b) of the Bankruptcy Code.

8.      It is imperative that the Debtor continue to operate the Facility for the public benefit during the pendency of this case and that the programs, including youth summer hockey leagues, scheduled to run over the next several months occur as planned.  It is also imperative that the successful purchaser of the Debtor's assets be

able to sustain the Facility's operations and maintain future public access to the Facility. The County, therefore, reserves its right to participate fully in the sale process, including the evaluation of proposed purchasers and the selection of the successful purchaser of the Debtor's assets. Moreover, the County reserves all of its rights under the Agreement.

**WHEREFORE**, the County of Nassau respectfully requests that the Court authorize the Debtor to conduct a public auction sale of substantially all of its assets in a manner which will provide the County the time and ability to evaluate all proposed offers and the financial ability of each proposed purchaser to comply with the Debtor's obligations under the Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: June 12, 2015
        Syracuse, New York

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
        Stephen A. Donato, Esq., of counsel
        Camille W. Hill, Esq., of counsel
        *Attorneys for the County of Nassau*
        Office and Post Office Address:
        One Lincoln Center
        Syracuse, New York  13202
        Tel:  (315) 218-8000
        Fax:  (315) 218-8100
        Email:  sdonato@bsk.com
                    chill@bsk.com

4