UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

In re:

TWIN RINKS AT EISENHOWER, LLC,                           Chapter 11

                                                           Case No. 15-72466-REG

                           Debtor.

-----------------------------------------------------------------------X

### ORDER: (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE OF ASSETS AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor" or "Twin Rinks"), pursuant to sections 105(a), 363, 365, 503, 506, 507 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), for entry of an order (this "Bidding Procedures Order"): (i) approving bidding procedures in connection with the sale of substantially all assets of the Debtor (as set forth in the Debtor's Schedules of Assets and Liabilities) (ii) scheduling an auction and a hearing to consider the sale of assets, (iii) approving the form and manner of notice thereof and (iv) granting related relief; the Court having determined that the relief provided herein is in the best interest of the Debtor, its estate, creditors and other parties in interest; and due and adequate notice of the Motion having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[2]

A.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.      The Debtor's proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Twin Rinks Assets, and the Bidding Procedures to be employed in connection therewith.

D.      The Debtor has articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the scheduling of a bid deadline, auction and sale hearing for the sale of the Twin Rinks Assets; and (ii) the establishment of procedures to

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

      E.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Twin Rinks Assets.

      F.      The entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is granted as set forth herein.

    2.    All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

    3.    The Bidding Procedures, in substantially the form attached hereto as **Schedule 1**, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Twin Rinks Assets. The Debtor is authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

    4.    As further described in the Bidding Procedures, the deadline for submitting Qualified Bids for the Twin Rinks Assets is **August 13, 2015, at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures; provided, however, that the Debtor may, after

consultation with the Committee, the Secured Creditor and the County of Nassau (the "County"), waive one or more defects and cause a bid to be deemed a Qualified Bid, with the exception of the Bidding Procedures' requirement for the assumption and assignment of that certain Permit for Use and Occupancy of County-Owned Property between the Debtor and the County of Nassau which became effective on October 19, 2012, and which was filed with the Bankruptcy Court on July 17, 2015 [Dkt. No. 75] (the "License Agreement").

5. The Debtor may sell the Twin Rinks Assets by conducting an Auction in accordance with the Bidding Procedures. If Qualified Bids are timely received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place on **August 19, 2015, at 10:00 a.m. (prevailing Eastern Time)** at the offices of Proskauer Rose LLP, 11 Time Square, New York, New York 10036, or at such other place and time as the Debtor shall notify all Qualified Bidders and other invitees, including the County. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

6. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7. The Auction will be conducted openly.

8. The Sale Hearing shall be held before this Court *in Courtroom 860* on **August 26, 2015, at 1:30 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel and interested parties may be heard.

9. The Debtor shall provide to the County, as they are received by the Debtor or its investment banker, (a) the names of those persons or entities that entered into non-disclosure

agreements with the Debtor with respect to the proposed sale and (b) copies of all information provided by Potential Bidders (as that term is defined in the Bidding Procedures), including the bids themselves. The County of Nassau shall hold such information confidential pending the sale hearing.

10.     The Debtor shall provide to the Committee and the County, on or before the August 13, 2015 deadline for the submission of Qualified Bids, (a) the names of those persons or entities that entered into non-disclosure agreements with the Debtor with respect to the proposed sale and (b) copies of the Qualified Bids received by the Debtor. The Committee shall hold such information confidential pending the sale hearing.

11.     On or before five (5) business days after entry of this Order, or as soon thereafter as such parties can be identified, the Debtor will cause a notice in substantially the form annexed hereto as **Schedule 2** (the "Notice of Auction and Sale Hearing"), and a copy of this Order, to be sent, by first-class mail, postage prepaid, to the following: (a) the Office of the United States Trustee; (b) All creditors; (c) counsel for the Secured Creditor; (d) all taxing authorities and other governmental agencies having jurisdiction over any of the Twin Rinks Assets, including the Internal Revenue Service; (e) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (f) all Persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal or other Interest in or upon any of the Twin Rinks Assets; (g) the non-debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (h) all Persons known or reasonably believed to have expressed an interest in acquiring some or all of the Twin Rinks Assets within

the last six months.[3] In addition to the foregoing, (a) electronic notification of this Motion, the Bidding Procedures Order and the Notice of Auction and Sale Hearing also will be posted on the Court's electronic case filing (ECF) website, http://ecf.nyeb.uscourts.gov.

12. On or before five (5) business days after entry of the Bidding Procedures Order, the Debtor will serve the Notice of Auction and Sale Hearing on all known creditors of the Debtor.

13. In the event of a Sale Transaction, on or before **August 20, 2015**, the Debtor shall serve, by first class mail or hand delivery on all non-debtor parties to the Executory Contracts and Unexpired Leases, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases in substantially the form annexed hereto as **Schedule 3** (the "Notice of Assumption and Assignment"). The Notice of Assumption and Assignment shall identify the calculation of the cure amounts that the Debtor believes must be paid to cure all prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts"). If the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or that were not set forth in the original Notice of Assumption and Assignment, the Debtor will promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.[4]

---

[3] The Notice of Auction and Sale Hearing will direct parties to contact the Debtor's counsel for more information and will provide that any party in interest that wishes to obtain a copy of any related document, subject to any necessary confidentiality agreement, may make a request in writing as specified in the Notice of Auction and Sale Hearing.

[4] The inclusion of any contract or unexpired lease of nonresidential real property on any Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment shall not be an

14.  Unless the non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) its scheduled Cure Amount and/or (b) to the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Eastern Time) on the date that is one day prior to the Sale Hearing or (ii) five (5) days after service of the relevant Supplemental Notice of Assumption and Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline on the same day by (i) counsel for the Debtor, Jones & Schwartz, P.C. One Old Country Road, Suite 384, Carle Place, New York 11514, Attn: Harold D. Jones, Esq.; (ii) Proskauer Rose, LLP, 11 Times Square, New York, New York 10036, Attn: Jeffrey W. Levitan, Esq.; (iii) Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, New York 11530-9194, Attn: Howard B. Kleinberg, Esq.; (iv) Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn.: Stephen A. Donato, Esq. and Thomas L. Kennedy, Esq. (collectively, the "Notice Parties"), then such non-debtor party should (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtor shall be entitled to rely solely upon the Cure Amount and (ii) if the Executory Contract or Unexpired Lease is identified as a Purchased Asset by the Successful Bidder and/or Back-Up Bidder, be deemed to have consented to the assumption, assignment and/or transfer of such

---

admission by the Debtor or its estate that any such contract or unexpired lease of nonresidential real property so included is an executory contract. Nor shall the inclusion of any contract or unexpired lease of nonresidential real property on any Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment constitute an admission of liability by the Debtor or its estate or effectuate the assumption or assignment of such contract or lease of nonresidential real property, absent entry of an order of the Court approving the assumption and/or assignment of such contract or lease of nonresidential real property in conjunction or as part of any Sale Order.

Executory Contract and Unexpired Lease and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or Back-Up Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease. Notwithstanding the foregoing, as provided below, each non-debtor party shall retain the right to object to the assumption, assignment or transfer of its Executory Contract and Unexpired Lease, based solely on the issue of whether the Successful Bidder or Back Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, provided, however, that this limitation shall not apply to the County.

15. Any objection challenging a Cure Amount must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") and include appropriate documentation in support thereof. Upon receipt of a Cure Amount/Assignment Objection, the Debtor may resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtor and any objecting party is unable to consensually resolve any Cure Amount/Assignment Objection no later than two (2) business days prior to the Sale Hearing, the Debtor shall request that the Court resolve such Cure Amount/Assignment Objection at the Sale Hearing.

16. The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease, with the exception of the License Agreement, from the list of Executory Contracts or Unexpired Leases to be assumed and assigned if the Court determines at any hearing on a Cure Amount/Assignment Objection that

the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the Court's determination. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

17.     Within three (3) business days after the conclusion of the Auction for the Twin Rinks Assets, the Debtor will serve a notice identifying the Successful Bidder and Back-Up Bidder to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid and Back-Up Bid. The non-debtor parties to the Executory Contracts and Unexpired Leases may object to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease on or before 4:00 p.m. on the date that is the day prior to the Sale Hearing (the "Adequate Assurance Objection Deadline"), and such objections shall be limited solely to the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, provided, however, that this limitation shall not apply to the County.

18.     Objections to the sale of the Twin Rinks Assets or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, on or before 5:00 p.m. (prevailing Eastern Time) five (5) days prior to the Sale Hearing, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 5:00 p.m. (prevailing Eastern Time) on the same day upon the Notice Parties. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

19. The Notice of Auction and Sale Hearing and the Notice of Assumption, and Assignment to be issued in connection with the proposed sales of the Twin Rinks Assets, substantially in the forms annexed hereto as **Schedule 2** and **Schedule 3**, respectively, are approved.

20. The Sale Hearing may be adjourned, from time-to-time, upon consultation with the Committee, the Secured Creditor and the County, without further notice to creditors or other parties in interest by announcement of said adjournment in open Court.

21. Except as otherwise provided in this Bidding Procedures Order, the Debtor further reserves the right (after consultation with the Committee, the Secured Creditor and the County) as it may reasonably determine to be in the best interests of its estate, subject to conformity with the Bidding Procedures, to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid or combination of Qualified Bids is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove all or a portion of the Twin Rinks Assets from the Sale; (f) waive terms and conditions set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (j) modify the Bidding Procedures as the Debtor may determine to be in the best interest of its estate after consultation with the Committee, the Secured Creditor and the County; or (k) withdraw the Motion at any time prior to the Sale Hearing with or without prejudice.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

23. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.



Dated: Central Islip, New York  
July 23, 2015

Robert E. Grossman  
United States Bankruptcy Judge

11